(No. 76-1409-)

JOSEPH SITKA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 22, 1977.*

SPIVACK, J.

This cause is now before the Court on Respondent's Motion to Dismiss. The Court has examined said motion and Claimant's answer thereto and the points and authorities cited in the pleadings.

This is an action commenced on March 3, 1976, to recover the sum of $59,555.00 for rent withheld from Claimant by the Illinois Department of Public Aid. The periods of occupancy of the divers tenants commenced on December 15, 1965, and concluded on August 2, 1971. Claimant contends that rental was erroneously withheld because of certain ordinance violations in and about the rental properties which have been in fact corrected or contracted to be corrected. Respondent contends that the violations were not cured and further that the withholding was an administrative penalty permitted under Ill.Rev.Stat., Ch. 23, § 11-23.

In view of the Court's reaffirmation that the cause is barred by the Court of Claims Act, §22, Ill.Rev.Stat., Ch. 37, §439.22, it is not necessary to determine the factual issues in contention.

Claimant argues that §22 of the Court of Claims Act, which reads as follows:

Claims cognizable against the State by vendors of goods or services under the Illinois Public Aid Code . . . shall have a period of limitation of one year after the accrual of the cause of action. . . .

is inapplicable in that Claimant has not rendered "goods or services," but has in fact contracted with the tenants

(Public Aid recipients), thus triggering the five-year limitation statute applicable to contracts.

The case of *Landsman, et al. v. State,* 27 Ill.Ct.Cl. 403, is on all fours with the case at bar and is determinative of the arguments and issues herein presented. Precisely the same factual issues were presented in that case as in this. In rejecting Claimant's argument that the claim was contractual in nature, the Court in *Landsman,* at 405, stated:

> ... a landlord is a vendor of services if the landlord purports to furnish a tenant with such necessities as light, water, heat or janitor services. A landlord is also a vendor of an interest in real estate when renting or leasing housing to a tenant, as the term vendor is used in the Public Aid Code.

A landlord, being a vendor within the purview of §22, must file his action within one year from the date upon which it accrues or be forever barred.

The Claimant in this cause, having filed his action some 4-1/2 years after it accrued, is barred by the limitations contained in §22.

Accordingly, Respondent's motion is granted, and the cause dismissed with prejudice.